## Thompson v. Warrington Township

*Francis J. Moran,* for plaintiff.
*William Slotter,* for defendant.

BODLEY, *J.,* January 3, 1978 — We have before us for disposition under Local Rule *266, defendant's preliminary objections challenging subject matter jurisdiction.

On September 22, 1977, plaintiff, Robert W. Thompson, filed a complaint in trespass against defendant, Warrington Township, alleging that he had suffered severe personal injuries on September 21, 1976, when the motorcycle which he was operating went out of control after coming into contact with mud on a township highway. Plaintiff asserted that the township was negligent in placing a quantity of dirt on the highway and allowing it to remain there, with no warning to motorists. Defendant's preliminary objections to the complaint, allege that the court does not have subject matter jurisdiction over the action on the ground the action is prohibited by the Pennsylvania No-fault Motor Vehicle Insurance Act.

Section 301 of the Pennsylvania No-fault Motor Vehicle Insurance Act of July 19, 1974, P.L. 489, art. III, sec. 301, 40 Pa.C.S.A. §1009.301(a), states, in part:

"Tort liability is abolished with respect to any injury that takes place in this State in accordance with the provisions of this act if such injury arises out of the . . . use of a motor vehicle. . . ."

It seems clear that this general prohibition applies to the present facts, even though plaintiff alleges that the muddy roadway was the sole cause of the accident, and even though only one vehicle, plaintiff's motorcycle, was involved. Section 301 employs the words "arises out of," and does not speak in terms of causation.

Section 301 contains several subsections which describe situations where the general rule abolishing tort liability does not obtain. 40 Pa.C.S.A. §1009.301(a)(6) states:

"A person remains liable for injury arising out of a motorcycle accident to the extent that such injury

is not covered by basic loss benefits payable under this act, as described in section 103."

Section 103 states in part:

". . . Nor do basic loss benefits include benefits for net loss sustained by an operator or passenger of a motorcycle."

Thus, from a reading of the above sections, it appears that plaintiff may bring suit in the present situation.

Defendant maintains that the word "person," as used in section 301(a)(6), is not intended to mean "township," and, therefore, subsection (a)(6) should not apply to the present facts and permit suit.

The Statutory Construction Act of November 25, 1970, P.L. 707, as amended, 1 Pa.C.S.A. §1991, states by way of definition that a "person" includes a corporation, partnership and association, as well as a natural person. The same provision states the following concerning the meaning of "municipal corporation":

"(1) When used in any statute finally enacted on or before December 31, 1974, a city, borough or incorporated town.

"(2) When used in any statute finally enacted on or after January 1, 1975, a county, city, borough, incorporated town or township."

Pennsylvania's No-fault Act was enacted on July 19, 1974; hence, we can understand defense counsel's conclusion, from a reading of the above definitions, that a township should be excluded from the meaning of the statutory word "person."

In the light of the total purpose of the no-fault law, however, we cannot concur in the conclusion

reached by counsel for defendant. If we accept defendant's narrow definition of the word "person" as it is used in section 301, the effect of the provision would be to provide a township with immunity from suit in all cases involving injuries which arise out of motor vehicle accidents occurring prior to January 1, 1975. We find no indication in the statute that this is an intended legislative purpose, and, therefore, we hold that the word "person" as used in 40 Pa.C.S.A. §1009.301(a)(6) is intended to encompass the term "township" within its meaning.

Having determined that the present suit is permissible under the exception concerning motorcycle accidents found in section 301(a)(6), we find it unnecessary to address defendant's additional objections with regard to the requirements of bringing suit under other exceptions found in section 301.

Concluding that this court has subject matter jurisdiction over the present action, we enter the following

### ORDER

And now, January 3, 1978, defendant's preliminary objections are overruled and dismissed.

Leave is granted defendant to file a responsive pleading within 30 days of this date.